UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH DAKOTA

CHARLES L. NAIL, JR.
BANKRUPTCY JUDGE



FEDERAL BUILDING AND UNITED STATES POST OFFICE
225 SOUTH PIERRE STREET, ROOM 211
PIERRE, SOUTH DAKOTA 57501-2463

TELEPHONE: (605) 945-4490
FAX: (605) 945-4491

February 28, 2011

Clair R. Gerry, Esq.
Counsel for Debtor
Post Office Box 966
Sioux Falls, South Dakota 57101-0966

Jared Holsing
Sioux Falls Women LLC
Post Office Box 89837
Sioux Falls, South Dakota 57106

      Subject: *In re Rene Rhonda Stolsmark*
               Chapter 7, Bankr. No. 10-40163

Dear Mr. Gerry and Mr. Holsing:

     The matter before the Court is Debtor Rene Rhonda Stolsmark's Motion to Avoid Judicial Liens Pursuant to 11 U.S.C. § 522(f) (doc. 14). This is a core proceeding under 28 U.S.C. § 157(b)(2). This letter decision and accompanying order constitute the Court's findings and conclusions under Fed.Rs.Bankr.P. 7052 and 9014(c). As set forth below, Debtor's motion will be granted.

     *Summary of material facts*. Rene Rhonda Stolsmark ("Debtor") filed a chapter 7 petition in bankruptcy. Debtor claimed her family's house exempt as a homestead under S.D.C.L. § 43-45-3. No one timely objected to her claimed homestead exemption. No one timely objected to her discharge either, and an order discharging her debts was entered June 16, 2010.

     Debtor filed a motion under 11 U.S.C. § 522(f) to avoid the judicial liens held by Sioux Falls Women LLC and some other creditors against Debtor's exempt homestead. Sioux Falls Women LLC timely filed a response to the motion and requested Debtor not be discharged from her obligation to it for advertising services provided to her. The matter was taken under advisement.[1]

     *Discussion*. Section 522(f) of the bankruptcy code provides judicial liens against a debtor's exempt homestead may be avoided or removed so the creditor holding the judgment lien can no longer enforce it. The purpose of the statute is to

---

    [1] The material facts are not in dispute. The issue presented is purely a question of law. Thus, no hearing was held.

*In re Stolsmark*
February 28, 2011
Page 2

ensure a debtor's financial "fresh start." *Kolich v. Antioch Laurel Veterinary Hospital (In re Kolich)*, 328 F.3d 406, 408 (8th Cir. 2003). The statute includes a formula that takes into consideration the value of the house and the amount of the mortgages and other voluntary encumbrances against it, which cannot be avoided in a similar manner. 11 U.S.C. § 522(f)(2). If, after deducting these voluntary encumbrances, there is not enough equity in the house to support the full amount of the allowed homestead exemption, the debtor may avoid any involuntary judgment liens that reduce (impair) the amount of equity available for the homestead exemption. 11 U.S.C. § 522(f)(1). Whether the debt underlying the discharge may be excepted from the debtor's general discharge of debts is not relevant to the lien avoidance procedure under § 522(f). *Treadwell v. Glenstone Lodge, Inc. (In re Treadwell)*, 423 B.R. 309, 319-20 (B.A.P. 8th Cir. 2010).

In this case, Debtor did not have sufficient equity in her house to support the full value of her allowed homestead exemption of $60,000.00.[2] To maximize that exemption to the extent allowed by law, under § 522(f), Sioux Falls Women LLC's judgment lien and the other judgment liens must be avoided in their entirety. This increases Debtor's homestead exemption and furthers her financial fresh start.

Sioux Falls Women LLC's *in personam* ("against a person") claim against Debtor was discharged without objection on June 16, 2010. Its *in rem* ("against a thing") claim against Debtor's house is also now appropriately avoided under § 522(f) based on the calculations mandated by the statute. The statute does not allow the Court to adjust the result of § 522(f) for equitable reasons. Accordingly, an order granting Debtor's motion will be entered.

To the extent any of the judgments listed in Debtor's motion are held against Debtor and another party, including Debtor's husband, who did not file bankruptcy with her, the judgment remains a valid *in personam* claim against that nonbankruptcy debtor. 11 U.S.C. § 524(a)(1). The enforceability of a lien arising from the judgment against any nonbankruptcy debtor's property, including Debtor's spouse's interest in the family house, may have to be determined in a different proceeding, most likely in a different court, that includes that nonbankruptcy debtor as a necessary party. *See,*

---

[2] Debtor's schedule of real property said she held a " ½ interest in homestead" and valued it at $188,000.00. On her schedule of property claimed exempt, Debtor claimed exempt a " ½ interest in homestead," valued the exemption at $48,000.00, and stated the current value of the property is $188,000.00. In her motion to avoid judicial liens, Debtor stated the value of her "homestead" was $188,000.00. Since it was unclear from these documents whether the $188,000.00 represented the value of the entire property or just Debtor's ½ interest, Debtor filed, at the Court's request, a supplement to her motion to avoid judicial liens that clarified the value of the entire property, not just Debtor's ½ interest, is $188,000.00 (doc. 23). However, because of Debtor and her spouse's limited equity in the house, the reduction in the value of her interest in the house to $94,000.00 does not alter the result of the lien avoidance calculation required by § 522(f). *See, e.g.*, *In re Armenakis*, 406 B.R. 589, 617-18 (Bankr. S.D.N.Y. 2009) (when only one spouse files bankruptcy, use only debtor's share of voluntary encumbrances in § 522(f) calculation).

*In re Stolsmark*
February 28, 2011
Page 3

*e.g., Premier Capital, Inc. v. Pagnini* (*In re Pagnini*), 433 B.R. 455, 459 (B.A.P. 1st Cir. 2010); *Strausbough v. Co-op Services Credit Union* (*In re Strausbough*), 426 B.R. 243 (Bankr. E.D. Mich. 2010); and *Lashley v. Fuhrer* (*In re Lashley*), 206 B.R. 950 (Bankr. E.D. Mo. 1997).

Sincerely,

Charles L. Nail, Jr.
Bankruptcy Judge

CLN:sh
cc:   case file (docket original; serve parties in interest)

On the above date, a copy of this document was mailed or faxed to the parties shown on the attached service list.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota

**NOTICE OF ENTRY**
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered on the date shown above.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota

Rene Rhonda Stolsmark
1003 Par Tee Drive
Hartford, SD 57033-2336

Countrywide/Bank of America
PO Box 5170
Simi Valley, CA 93062-5170

AAA Collections
3500 S. 1st Ave., Suite 100
Sioux Falls, SD 57105

Culligan
1510 West 51st Street
Sioux Falls, SD 57106

FJM Collections Inc.
300 N. Dakota Ave., Suite 108
Sioux Falls, SD 57101

LVNV Funding
Trak America Resurgent Capital
999 Vanderbilt Beach Road, #607
Naples, FL 34108

Young Broadcasting of Sioux Falls
KELO-TV
501 S. Phillips Avenue
Sioux Falls, SD 57104

Sioux Falls Women LLC
PO Box 89837
Sioux Falls, SD 57106